IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONARD RAY WOFFORD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:13-cv-4263-K-BN |
| | § | |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On October 21, 2013, Petitioner Leonard Ray Wofford filed a Fed. R. Civ. P. 60(b) motion to alter or amend judgment, which has been opened as a habeas action under 28 U.S.C. § 2254. *See* Dkt. No. 3. Petitioner seeks relief from the Court's final judgment dismissing his habeas petition in *Wofford v. Johnson*, No. 3:99-cv-1281-D as time barred. He alleges that the Court's resolution of that case was "based upon false and fraudulent evidence and, due to a void judgment and double jeopardy." *Id.* at 1-2. Petitioner's 1999 habeas petition was dismissed as barred by limitations when the Court adopted the findings and recommendation of Magistrate Judge Jeff Kaplan. *See Wofford v. Johnson*, No. 3:99-cv-1281-D, Dkt. No. 12 (N.D. Tex. Sept. 23, 1999), *rec. adopted* No. 3:99-cv-1281-D, Dkt. No. 17 (N.D. Tex. Oct. 13, 1999).

Under Rule 60(b), a district court can grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void

judgment; or (5) a judgment that has been reversed or otherwise vacated. Rule 60(b)(1)-(5). The Court can also set aside a judgment for "any other reason that justifies relief." Rule 60(b)(6). Relief under this "catch-all" provision is available, however, "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests within the discretion of the Court. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994).

Here, Petitioner relies on Rule 60(b), contending that the indictment and conviction in his underlying state case were void because the complainant is listed as "Mont Edwards" rather than "Jeffrey Edwards." *See* Dkt. No. 3 at 3-4. This same claim was raised in Petitioner's 1999 habeas case. *See Wofford v. Johnson*, No. 3:99-cv-1281-D, Dkt. No. 1 at 16-17 & 22. However, it is well-settled in this circuit that "Rule 60(b) motions seeking to amend or alter the judgment of a first habeas proceeding 'should be construed as successive habeas petitions.'" *Hess,* 281 F.3d at 214 (quoting *Fierro v. Johnson,* 197 F.3d 147, 151 (5th Cir. 1999)).

And the Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v.*

*Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)  (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>      (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his application in federal district court. *See id.* § 2244(b)(3). Insofar as the United States Court of Appeals for the Fifth Circuit has not granted leave to file a successive habeas petition, this Court is without jurisdiction to consider Petitioner's allegations, including those asserting his actual innocence. *See* 28 U.S.C. § 2244(b).

Accordingly, Petitioner's Rule 60(b) motion is properly construed as an application for writ of habeas corpus and should be transferred to the Fifth Circuit for appropriate action. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a successive Section 2254 motion from a state prisoner).

## Recommendation

Petitioner's Fed. R. Civ. P. 60(b) motion should be construed as a successive application for writ of habeas corpus and should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 28, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE